IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COREY RICHARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-02512 |
| | ) |
| DEMETRIUS ROBINSON, HARRISON COMPANY, LLC, and IMPERIAL TRADING CO., LLC, | ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

In support of this Complaint, Plaintiff Corey Richards alleges and states as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff Corey Richards ("Plaintiff") is a resident and citizen of the State of Kansas. He resides in Inman, Kansas.

2. Defendant Demetrius Robinson ("Robinson") is a resident and citizen of the state of Oklahoma. Upon information and belief, he may be served with process at 3001 North Hiwassee Road, Choctaw, OK 73020.

3. Defendant Harrison Company, LLC ("Harrison"), is a Louisiana limited liability company that may be served with process at 701 Edwards Avenue, Elmwood, LA 70123 through its resident agent, Cheryl Analla.

4. Defendant Imperial Trading Co., LLC ("Imperial"), is a Louisiana limited liability company that may be served with process at 701 Edwards Avenue, Elmwood, LA 70123 through its resident agent, Cheryl Analla.

1

5.  The Court has personal jurisdiction over Plaintiff as he has submitted himself to such as the party initiating this action.

6.  Demetrius Robinson operates and transacts business in Kansas. The accident and injury occurred in Kansas while Robinson was in the course of employment driving a truck in Kansas. Thus, the Court has personal jurisdiction over Robinson.

7.  Harrison Company, LLC operates and transacts business in Kansas. The accident and injury occurred in Kansas while their employee, Robinson, was driving a truck in Kansas. Thus, the Court has personal jurisdiction over Harrison.

8.  Imperial Trading Co., LLC operates and transacts business in Kansas. The accident and injury occurred in Kansas while their employee, Robinson, was driving a truck in Kansas. Thus, the Court has personal jurisdiction over Imperial.

9.  The Court has subject matter jurisdiction over the cause of action and personal jurisdiction over the parties' given their diversity of citizenship and the fact that the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a).

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because the acts and omissions giving rise to the claim alleged and described in this Complaint occurred in McPherson County, Kansas.

**The Accident**

11. Old K-61 Highway is two-lane highway in McPherson County, Kansas that generally runs north/south.

12. Commanche Road is a two-lane roadway in McPherson County, Kansas that runs east/west.

13. There is a private drive near Commanche Road that is on the west side of Old K-61 Highway.

14. On May 3, 2016, at about 11:45 a.m., Plaintiff was travelling southbound on Old K-61 Highway, approaching the aforementioned private drive. However, Plaintiff was not attempting to turn into the private drive, but instead was driving the speed limit with the right of way southbound on Old K-61 Highway.

15. At about the same time, Defendant Robinson was driving a large truck tractor and semi-trailer northbound on Old K-61 Highway.

16. Robinson was driving the tractor and semi-trailer in the course and scope of his employment with Defendant Harrison.

17. In the alternative, Robinson was driving the tractor and semi-trailer in the course and scope of his employment with Defendant Imperial.

18. Defendant Robinson suddenly and unexpectedly made a turn left (west) onto the aforementioned private drive. He did so without signaling and without recognizing Plaintiff travelling southbound.

19. Plaintiff attempted to swerve left to avoid a collision but was unable to do so. Plaintiff collided with the back bumper of Robinson's trailer.

20. Plaintiff was severely injured in the accident.

### Count I – Negligence against Demetrius Robinson

21. Plaintiff incorporates all of the preceding paragraphs of his Complaint here by reference.

22. Plaintiff submits that Defendant Robinson is negligent and 100% at fault for the collision with respect to the following actions and/or inactions:

      a. Failing to maintain a proper lookout;

      b. Failing to yield to Plaintiff's right of way;

      c. Failing to engage his turn signal before turning;

      d. Failing to either slow or stop his vehicle to avoid a collision; and/or

      e. Failing to use reasonable and ordinary care to keep his vehicle under proper control.

23. As a result of the collision, Plaintiff suffered severe bodily injury causing significant ongoing pain, physical limitation, and requiring future medical treatment to address her injuries.

24. Additionally, since the collision, Plaintiff has had a limited ability to perform day-to-day activities and has incurred wage loss.

25. As a result of Defendant Robinson's negligence, Plaintiff has incurred medical bills and will need future medical care and services to address his injuries and disabilities.

26. As a direct and proximate result of Defendant Robinson's negligence as set forth in this Complaint, Plaintiff has sustained personal injuries that are permanent in nature and damages in excess of $75,000.00.

27. Consequently, Plaintiff prays for judgment against Defendant Robinson in an amount in excess of $75,000.00 for past medical expenses, future medical expenses, past and future lost services and disability, past and future wage loss, past and future pain, suffering, and disability, for costs of this action, and for such other further relief as the Court deems just and equitable.

**Count II – Negligence against Harrison Company, LLC and/or Noble Feldman, LLC**

28. Plaintiff incorporates all of the preceding paragraphs of his Complaint here by reference.

4

29. Plaintiff submits that Defendants Harrison and/or Imperial are, by way of vicarious liability, negligent and 100% at fault for the negligent actions/inactions alleged against their employee and agent, Robinson

30. Plaintiff submits that Defendants Harrison and/or Imperial are negligent and 100% at fault for the collision with respect to the following actions and/or inactions:

   a. Negligent hiring of Robinson;

   b. Negligent supervision of Robinson;

   c. Failure to properly and adequately train Robinson; and/or

   d. Failure to perform an appropriate background check on Robinson.

31. As a result of the collision, Plaintiff suffered severe bodily injury causing significant ongoing pain, physical limitation, and requiring future medical treatment to address her injuries.

32. Additionally, since the collision, Plaintiff has had a limited ability to perform day-to-day activities and has incurred wage loss.

33. As a result of Defendants Harrison and/or Imperial's negligence, Plaintiff has incurred medical bills and will need future medical care and services to address his injuries and disabilities.

34. As a direct and proximate result of Defendants Harrison and Imperial's negligence as set forth in this Complaint, Plaintiff has sustained personal injuries that are permanent in nature and damages in excess of $75,000.00.

35. Consequently, Plaintiff prays for judgment against Defendants Harrison and Imperial in an amount in excess of $75,000.00 for past medical expenses, future medical expenses, past and future lost services and disability, past and future wage loss, past and future

pain, suffering, and disability, for costs of this action, and for such other further relief as the Court deems just and equitable.

36.     Corey Richards respectfully requests a trial by jury of 12 persons of all issues raised in this Complaint

>
> Respectfully submitted,
>
>  s/*Michael J. Wyatt*
> Michael J. Wyatt       (#23260)
> MANN, WYATT & RICE, LLC
> 201 E. 1st Avenue
> Hutchinson, KS 67501
> (620) 662-2400
> (620) 662-2443 (Fax)
> mwyatt@mannwyattrice.com
>
> *Attorney for Plaintiff Corey Richards*